UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANGELA BROWN,

    Plaintiff,

v.

PRODUCT ACTION INTERNATIONAL
and ZF LEMFORDER,

    Defendants.

No. 05 C 6574
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Angela Brown has filed a Title VII claim of retaliation and discrimination based on race and sex against Defendants Product Action International ("Product Action") and ZF Lemforder ("Lemforder"). I previously dismissed the claim against Lemforder and denied Brown's request for reconsideration. Brown now moves for leave to file a second amended complaint. For the reasons stated below, her motion is granted.

## BACKGROUND

Brown was employed by Product Action to work at Lemforder's Chicago location. While working at Lemforder, Brown reported inappropriate behavior on the part of a Lemforder employee, Jerrald Marcellus. Product Action's managers and Lemforder's Acting Human Resources Manager, Leonard Sennish, investigated the complaint and Lemforder ultimately terminated Marcellus. Brown ceased contact with Lemforder on November 22, 2004. Several months later, on February 14, 2005, Product Action terminated Brown, citing failure to report her employment availability as the reason for her dismissal.

On February 22, 2005, Brown (acting *pro se*) filed a complaint concerning her dismissal with the Equal Employment Opportunity Commission ("EEOC"). At the same time that she filed the complaint, Brown also submitted a two-page letter alleging that she had been discriminated against and harassed by both Product Action and Lemforder. After speaking to Shuwn Hayes, her original EEOC investigator, Brown signed a charge of discrimination which only listed Product Action as the defendant and stated that the discrimination was based on retaliation. The EEOC served the charge on Product Action, but not Lemforder. At that point, there were no longer any allegations of race or sex discrimination, nor was Lemforder included as a defendant. According to the "Wodka Affidavit" from the EEOC, a second EEOC investigator was not able to determine why any of the other claims were left out.

On September 14, 2005, the EEOC issued Brown a right-to-sue letter naming Product Action. Brown filed a timely Complaint with this Court on November 18, 2005, alleging that both Product Action and Lemforder had retaliated against her in violation of Title VII and 42 U.S.C. § 1981 (2000), and discriminated against her on the basis of race and sex in violation of Title VII, § 1981, and the Civil Rights Act of 1991.

On March 30, 2006, I granted Lemforder's motion to dismiss Brown's Title VII claims because Lemforder was not named in Brown's EEOC charge of discrimination. I denied Brown's oral motion for reconsideration on June 9. Ostensibly, in an attempt to fix the omission of Lemforder from the initial EEOC charge, Brown returned to the EEOC on June 12 and filed a charge against Lemforder alleging discrimination on the basis of sex. The EEOC mailed Brown a right-to-sue letter on June 26, 2006. That same day, Brown made an oral motion to reconsider my March 30 ruling. On June 30, I appointed counsel for Brown and on July 17 invited counsel

to file a motion to amend Brown's complaint if there was appropriate supporting authority to do so.

## DISCUSSION

Before me is Brown's motion to reconsider my prior dismissal of Lemforder from the case and grant her leave to file a second amended complaint adding Lemforder back as a defendant. Ordinarily, a party not named in an EEOC charge cannot be sued under Title VII. 42 U.S.C. § 2000e-5 (2000); *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991). This EEOC administrative filing requirement, however, is not a "jurisdictional prerequisite" that forms an "absolute bar to suit." *Id.* at 470. That requirement is similar to a statute of limitations – it is subject to equitable modifications such as waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982); *see also Perkins*, 939 F.2d at 470 (collecting cases).

The primary purposes fulfilled by the EEOC charge are to notify the respondent of the complaint against it and to allow the respondent a chance to conciliate with the claimant and avoid a lawsuit. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989). The Seventh Circuit has recognized some specific exceptions to this rule, as well as general equitable considerations. First, the "*Eggleston* exception" counsels that if an unnamed party has received "adequate notice" of the charge, and has had an opportunity to participate in conciliation proceedings with the goal of voluntary compliance, the charge against the unnamed party may go forward. *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905-06 (7th Cir. 1981). In addition, in limited situations, the Seventh Circuit has allowed lawsuits to go forward based on the doctrines of substantial compliance and equitable tolling. Brown has not attempted to argue that the *Eggleston* exception applies in this case.

3

**Substantial Compliance**

Brown believes that she is entitled to amend her complaint under the doctrine of substantial compliance. Substantial compliance allows for the possibility that documentation submitted along with a formal charge of discrimination can be considered a formal charge if the document "contained all the information that a charge would have contained" including "who was being charged by whom with what." *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 80 (7th Cir. 1992); see also *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 542-43 (7th Cir. 1988) (holding that, under limited circumstances, an intake questionnaire could constitute a charge of discrimination). Courts in this circuit have also allowed other documents to supplement charges outlined in an EEOC charge. *See Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 502 (7th Cir. 1994) (taking into consideration statements included in a sworn affidavit that accompanied the charge in support of claims of discrimination) (collecting cases).

Brown seeks to have this Court consider information other than the EEOC charge to preserve her claims against Lemforder. Brown's supplementary documentation comes not in the form of an intake questionnaire, but as a two-page letter to the EEOC that was submitted to the EEOC at the same time that she filed her charge of discrimination. The letter, which is attached to the Wodka Affidavit, explains the incident, identifies the offending parties, and claims sexual harassment, and discrimination by two Lemforder employees, Product Action, and Lemforder. Thus the letter alleges, with specificity, "who was being charged by whom with what." Brown sought to charge both Lemforder and Product Action with retaliation and discrimination based on race and sex. *Early*, 959 F.2d at 80.

Despite Brown's substantial compliance with the filing requirements, the cases cited by Brown where substantial compliance has been raised (with the exception of *Early*, which was concerned with the statute of limitations for the entire action) involve adding claims to a Title VII action, not individual parties. Cases in the Seventh Circuit that address whether a party should be added all address the issue in light of *Schnellbaecher* and *Eggleston*. Thus, even if Brown did substantially comply with the charge filing requirement, the issue of prejudice to Lemforder remains.

**Equitable Tolling**

The doctrine of equitable tolling would allow certain conduct to toll the statute of limitations that applied to Brown when filing her claim. Equitable tolling does not require any misleading actions or conduct by the defendant. *Early*, 959 F.2d at 81; *see also Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). "Misleading conduct by the EEOC can be a basis for tolling the administrative statute of limitations." *Early*, 959 F.2d at 81.

Brown's argument for equitable tolling highlights two aspects of her case: (1) that she was acting pro se when she filed her EEOC charge; and (2) that she was "lulled" by the EEOC into believing that she had "done all she needed to do to proceed against [Product Action] and [Lemforder]." In short, Brown argues that she is not at fault for the EEOC's decision not to include Lemforder in the original charge. Rather, she believes that the EEOC made the mistake by excluding Lemforder in the charge and telling her that she could not file a suit against Lemforder. Lemforder counters by arguing that Brown made a strategic decision, agreeing with EEOC investigator Shuwn Hayes only to pursue the claim against Product Action.

Brown's pro se status at the time of her filing is one factor in deciding whether Lemforder should be included as a defendant. EEOC charges are often completed without the assistance of counsel. *Cheek*, 31 F.3d at 500. The "test for determining whether an EEOC charge encompasses the claims in a complaint therefore grants the Title VII plaintiff significant leeway." *Id.* I must also keep in mind the remedial purposes of Title VII, which include "allow[ing] lay persons to seek complete redress of legitimate grievances." *Sloan v. Clorox Corp.*, No. 99 C 417, 1999 U.S. Dist. LEXIS 10708, at *9 (N.D. Ill. July 2, 1999). Like the *Cheek* and *Sloan* plaintiffs, Brown completed the EEOC charge without the assistance of an attorney.

Brown also cites to *Steffen*, *Early*, and *Alsaras v. Dominick's Finer Foods*, No. 00 C 1990, 2000 U.S. App. LEXIS 30183 (7th Cir. Nov. 22, 2000), to show that she should not be held responsible for the EEOC's actions. In *Steffen*, the Seventh Circuit held that the EEOC's failure to act on the plaintiff's charge of discrimination was not a bar to maintaining a cause of action under Title VII because the EEOC had told the plaintiff that it would treat his intake questionnaire as the charge, but did not do so. 859 F.2d at 544. In *Early*, the Seventh Circuit recognized that the EEOC field investigator's misleading conduct, in telling the plaintiff that filling out an intake questionnaire was sufficient and that he had two years to file suit, was a basis for tolling the administrative statute of limitations. 959 F.2d at 81. Finally, in *Alsaras*, the Seventh Circuit stated that equitable tolling could be applied if the EEOC provided misleading information to a pro se complainant, or provided any information that "'lulls' or 'affirmatively induces' plaintiff into inaction . . . ." 2000 LEXIS 30183, at *5.

Brown argues that her situation is analogous to these cases. While proceeding without counsel, she was lulled by Hayes into believing that she could not file a charge against

Lemforder. If not for Hayes' advice, she would have filed against Lemforder, as demonstrated by the two-page letter accompanying her original charge. Citing the Wodka Affidavit, Brown argues that the EEOC itself is unable to explain why it did not include Lemforder in the original charge. Thus, Brown argues, she had no way of knowing the prejudicial impact this omission would have on her Title VII claims. Once she became aware of the problem, she returned to the EEOC and sought another charge of discrimination against Lemforder.

Lemforder counters that *Schroeder v. Copley Newspaper*, 879 F.2d 266 (7th Cir. 1989) and *Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699 (7th Cir. 1999) are more relevant to this situation. In *Schroeder*, the EEOC officer told the plaintiff that the EEOC could not do much to help him. As a result, the plaintiff left the EEOC office without filing a charge of discrimination. The Court affirmed the dismissal, ruling that the EEOC's actions did not rise to the level of lulling or affirmatively inducing the plaintiff. *Schroeder*, 879 F.2d at 271. *Schroeder* is distinguishable, however, in that no written documentation came out of that plaintiff's meeting with the EEOC. *Id.* at 269-70. The court did not feel that what could be characterized as a "lukewarm reception" was enough to warrant tolling of the time limit. In this case, Brown did file a claim with the EEOC, which was also accompanied by her two-page letter outlining her grievances against Lemforder and Product Action and stating her intention to sue both parties. Thus, Lemforder's reliance on *Schroeder* is misplaced.

*Novitsky* is also inapplicable. In *Novitsky*, a claim of religious discrimination was omitted from the plaintiff's charge of discrimination. The Court held that the fact that the intake questionnaire mentioned religious discrimination was unavailing, because "it is the charge rather than the questionnaire that matters." *Novitsky*, 196 F.3d at 702. The Court rejected the *Novitsky*

7

plaintiff's argument that "she didn't pay much attention to what she was signing," and noting that "whether or not she read or understood the charge, it was her charge, and it did not put her former employer on notice of any claim related to" religious discrimination. *Id.* at 702-03. *Novitsky* does not apply because, unlike Brown, that plaintiff did not allege EEOC misconduct, she merely claimed that the EEOC had filled out the charge, so she should not be held responsible for what it contained. *Id.* at 702. Brown claims that the EEOC misled her. Also, the plaintiff in *Novitsky* was represented by counsel; Brown was not.

In her deposition, Brown indicated that Hayes told her that "the only employer you can charge is the employer that's paying you." Other judges in this district have previously found that "[e]quitable considerations compel the conclusion that error by EEO officers ought not redound to the plaintiffs' detriment." *Campbell v. Runyon*, No. 93 C 6571, 1994 U.S. Dist. LEXIS 9304, at *9 (N.D. Ill. July 7, 1994). In addition, "an uncounseled plaintiff should not be penalized for the EEOC's mistake of law." *Id.* (quoting *Jennings v. Am. Postal Workers Union*, 672 F.2d 712, 715 (8th Cir. 1982)). If Brown relied to her detriment on the EEOC's incorrect advice she should not be penalized for it.

Lastly, "equitable tolling is fact-intensive and ordinarily requires reference to matters outside the pleading; it therefore generally is more appropriately applied at the summary judgment or trial stages of litigation rather than the pleading stage." *Alsaras*, 2000 LEXIS 30183, at *6-7. In her motion, Brown has alleged sufficient facts to survive the pleading stage. Lemforder can continue to develop the necessary factual background and further address the issue of whether or not equitable tolling should apply at summary judgment.

8

**Prejudice to Lemforder**

Lemforder argues that it would be severely prejudiced if I grant this motion. Specifically, Lemforder believes it would be prejudiced in defending itself because (1) it no longer employs the individual that would be knowledgeable about Brown's claims, as well as eight witnesses; and (2) was unable to investigate Brown's claims closer to the point in time in which the incident occurred.

Lemforder's former human resources manager, Leonard Sennish, initially investigated Brown's claims. However, Sennish ceased working for Lemforder approximately one week after Brown filed her charge of discrimination. This means that, even if the EEOC had contacted Lemforder for a reconciliation meeting, Sennish would likely already have ceased working for Lemforder and would have been unable to conduct any further investigation than he did at the time of the incident. As a result, Lemforder's prejudice argument fails.[1]

**CONCLUSION**

For the foregoing reasons, Brown's motion for leave to file a second amended complaint is granted.

---

[1] Lemforder also argues that it is prejudiced because it did not have the chance to investigate Brown's additional claims of retaliation and racial discrimination. As a result it believes that the amended complaint should be limited to sexual discrimination. If Lemforder wishes to do so, it may bring a separate motion to dismiss those claims.

9

ENTER:

James B. Zagel
United States District Judge

DATE: December 20, 2006

**Prejudice to Lemforder**

Lemforder argues that it would be severely prejudiced if I grant this motion. Specifically, Lemforder believes it would be prejudiced in defending itself because (1) it no longer employs the individual that would be knowledgeable about Brown's claims, as well as eight witnesses; and (2) was unable to investigate Brown's claims closer to the point in time in which the incident occurred.

Lemforder's former human resources manager, Leonard Sennish, initially investigated Brown's claims. However, Sennish ceased working for Lemforder approximately one week after Brown filed her charge of discrimination. This means that, even if the EEOC had contacted Lemforder for a reconciliation meeting, Sennish would likely already have ceased working for Lemforder and would have been unable to conduct any further investigation than he did at the time of the incident. As a result, Lemforder's prejudice argument fails.[1]

**CONCLUSION**

For the foregoing reasons, Brown's motion for leave to file a second amended complaint is granted.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: December 20, 2006

---

[1] Lemforder also argues that it is prejudiced because it did not have the chance to investigate Brown's additional claims of retaliation and racial discrimination. As a result it believes that the amended complaint should be limited to sexual discrimination. If Lemforder wishes to do so, it may bring a separate motion to dismiss those claims.

9